## Hammill's Estate.

*Sale—Real Estate—Trustee's sale—Representation by auctioneer—Setting aside sale—Costs.*

Where a purchaser at a trustee's sale is induced to bid upon the belief that the representations of the auctioneer would be ratified by the trustee and they are not ratified the sale will be set aside; but if it also appears that the representations were made as to objectionable features which were visible, and the purchaser did not file objections to the return until three months after it was made, the costs which accrued on the sale and the proceedings to vacate it will be imposed upon him.

Argued, Nov. 1, 1911. Appeals, Nos. 173 and 221, Oct. T., 1911, by W. J. O'Donnell, Trustee, and Margaret Hammill, from decree of O. C. Allegheny Co., April T., 1908, No. 6, dismissing exceptions to decree setting aside sale in Estate of Owen Hammill, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to decree setting aside sale.

MILLER, J., filed the following opinion:

### FINDINGS OF FACT.

This matter comes on upon exceptions to a return of public sale in partition.

From the pleadings and testimony, the following are the material facts:

On the 12th of September, 1908, W. J. O'Donnell, Esq., was appointed trustee, to make public sale in par-

tition, of certain real estate owned by the decedent. The sale was duly advertised, and the return day extended for successive long periods of time. On February 19th, 1910, final return was made setting forth the various adjournments, and that for lack of sufficient bids the real estate was not sold.

On April 16th, 1910, an alias order for sale was made, the terms being fixed at one-third in cash, of which ten per cent. should be paid at the time of the bid, and the remaining two-thirds in two equal annual payments, with interest at six per cent., secured by bond and mortgage, and return to this order was made on June 11th, 1910, showing that the first described piece, located in the present Second Ward, formerly Fourth Ward, of the City of Pittsburgh, was sold to Philip Fitzgibbon, for the sum of $15,000, which return was confirmed nisi.

On August 13th, 1910, the purchaser was permitted to file exceptions to this return, to which answer was made: From these pleadings and testimony, it appears inter alia that upon subsequent examination of the title, the building upon the ground extends on the adjoining lot nine inches in front and ten and three-quarter inches in the rear; that since the original order of sale had been made, the property had been very much damaged by reason of excavations in adjoining alley, the erection of a party wall by one of the adjoining owners, with the consequent destruction of the wall of this building; that certain uprights and other erections had been put upon the premises, whereby they were damaged; that the auctioneer stated to the purchaser if he bid $15,000, the damages by reason of the excavations, and to the walls, would be assigned, or the trustee would restore the premises to the original condition, and that the title was good. The auctioneer was not authorized to make these representations, and the trustee refuses to ratify the same, being bound by the terms of sale as authorized; that some of the heirs are in possession, and have given notice that they will not vacate the premises; that the

purchaser at one of the previous offerings at public sale, bid a higher price than $15,000, at which time the party wall had not been built, nor had the excavation been made in the alley way; that the adjoining owner admits he has all the property called for by his deeds; that no claim has been made upon this estate by reason of the wall being apparently nine inches over the line; that the property in question is of the full width advertised, exclusive of the projection or extension of the wall on the adjoining property, this having been its location for more than forty years.

### CONCLUSIONS OF LAW.

There can be no question as to the title; all the land purporting to be conveyed is undoubtedly covered by the deed to the ancestor in title. While it does appear that the wall of this old building extends beyond the lines of the lot, it is manifest that the adjoining owner has no claim thereto, because he admits he has all the ground purchased by him; nor does he assert any title to the portion questioned. It would seem upon the uncontradicted evidence as to the length of time this wall has been upon the ground, that adverse possession, for a period far exceeding the statutory limit, settled the question of title, as to the projection, and the estate has title thereto, in addition to the width called for in the deed.

Equally clear it is, that the purchaser at this judicial sale is bound by the rule of caveat emptor, and that unless there are mitigating circumstances he has no ground for relief.

But it is held in Vandever v. Baker, 13 Pa. 121, and Fahrig v. Schimpff, 199 Pa. 423, that if he be misled by declarations of the crier at the sale, he may apply to the Court to set the same aside; thus vesting in the Court having ordered the sale, a discretion which it should exercise on equitable principles. Apparently Fitzgibbon was induced to bid $15,000 upon the belief

that the representations of the auctioneer would be ratified by the trustee.  He saw the objectionable features as to the excavations, and the damage done to the wall; he knew this condition of affairs had taken place since he had made his former bid, and that it would require an expenditure of money to put it in shape for entrance and use.  While the trustee is not bound by this unauthorized assurance on the part of the auctioneer, it would not be equitable to hold the purchaser, who depends thereon, to the strict letter of the purchase, according to the advertised terms.

He, however, is not free from blame; he permitted three months to elapse between the time of the return of sale and his application to file exceptions; in the face of the terms of sale, he should have obtained additional assurances from the trustee.  The probabilities are that some one else at this sale would have taken it freed from these particular declarations made by the auctioneer.

Therefore, while the confirmation of the sale as to him will be vacated, it must be upon the payment of the costs that accrued on the present sale, and the proceedings.

And now, to-wit, April 17th, 1911, this cause came on to be heard upon exceptions to the return of sale made in the above entitled case, and was argued by counsel, and thereupon, upon consideration thereof it is ordered, adjudged and decreed that the exceptions be sustained, and the sale is hereby vacated and set aside, and the trustee is ordered and directed to refund to Philip Fitzgibbon the amount of purchase money paid, viz., $1,500.

And now, to-wit April 22, 1911, the above decree vacating sale is hereby amended so that the costs of the sale be paid by Philip Fitzgibbon, exceptant in above entitled case.

*Errors assigned* were in dismissing exceptions to decree setting aside sale.

*Thomas L. Kane,* with him *Marion H. Murphy,* for appellants.—If the purchaser saw fit to rely on the assurance of the auctioneer without making inquiry of the trustee, he has no one to blame but himself: Singer's Estate, 217 Pa. 295; Pepper v. Deakyne, 212 Pa. 181; Vandever v. Baker, 13 Pa. 121; Norris v. Crowe, 206 Pa. 438; Lancaster v. Flowers, 208 Pa. 199; Pennsylvania Stave Co.'s App., 225 Pa. 178.

Purchasers at a judicial sale are bound by the rule of caveat emptor: Girard Life Ins. Annuity & Tr. Co. v. Bank, 57 Pa. 388; Smith v. Wildman, 178 Pa. 245; De Haven's App., 106 Pa. 612.

*Marron & McGirr,* for appellee, were not heard.— The sale was properly set aside: Haslage's App., 37 Pa. 440; Bowers' App., 84 Pa. 311; De Haven's App., 106 Pa. 612; Miles v. Diven, 6 Watts 148; King v. Gunnison, 4 Pa. 171; Fox v. Mensch, 3 W. & S. 444; Demmy's App., 43 Pa. 155.

PER CURIAM: January 2, 1912:

The decree is affirmed on the opinion of the learned judge of the Orphans' Court.